**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00023-REB-CBS

MICHAEL WARREN,

    Plaintiff,

v.

CITY OF CORTEZ,
MONTEZUMA COUNTY SHERIFF, GERALD WALLACE,
CARY BRUCE POPE,
SUE ELLEN BETTS,
KENNETH FARRINGTON, and
KEVIN JORDAN,

    Defendants.

---

**ORDER RE: MOTIONS TO DISMISS**

---

**Blackburn, J.**

    The matters before me are: 1) **Defendants Sue Ellen Betts, Kenneth Farrington and Kevin Jordan's Motion to Dismiss Based Upon Rule 12(b)(6) or Qualified Immunity and Supporting Brief** [#44], filed May 24, 2006; and 2) **Defendant City of Cortez' [sic] Motion to Dismiss Based Upon Rule 12(b)(6)** [#45], filed May 24, 2006.  I grant the individual defendants' motion with respect to plaintiff's claim of constitutional malicious prosecution, but deny it as to his claims of excessive force and wrongful arrest.  I grant the City's motion in its entirety.

### I.  JURISDICTION

    I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).  Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiffs, it is clear that they can prove no set of facts entitling them to relief.  **See Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); **Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.**, 24 F.3d 125, 128 (10th Cir. 1994).

## III. ANALYSIS

The operative facts relevant to these motions are stated in Plaintiff's First Amended Complaint and Jury Demand.[1]  In the early morning hours of January 11, 2004, plaintiff broke up a fight at the Sands Tavern in Cortez, Colorado.  City of Cortez police officers Sue Ellen Betts, Kenneth Farrington, and Kevin Jordan were dispatched

---

[1] As set forth in my separate order filed this same day (*see* **Order Overruling Objection to Order of the United States Magistrate Judge** [#100], filed January 8, 2007), I have overruled plaintiff's objections to the magistrate judge's order denying his motion for leave to file a second amended complaint.

2

to the tavern. Montezuma County Deputy Sheriff, Cary Bruce Pope, was already at the bar "partying" and, thus, was not in uniform.

While Farrington was questioning one of the individuals involved in the fight, Todd Baker, Baker attacked plaintiff, causing him to fall to the floor. As plaintiff tried to get up, Pope, who did not identify himself as a law enforcement officer, jumped plaintiff from behind, causing both men to fall to the floor. Plaintiff's clothing was pulled over his head, obscuring his view. While attempting to free himself from the "bear hug" in which Pope held him, plaintiff "apparently inadvertently struck Officer Farrington." Betts then jumped on plaintiff, while Jordan began beating him in the ribs and back with a large flashlight. Finally, while the other officers restrained plaintiff, Farrington pepper sprayed him in the eyes. Plaintiff, who was charged with second degree assault of a peace officer, resisting arrest, and disorderly conduct, ultimately was acquitted of all charges. This lawsuit ensued, in which plaintiff asserts claims of excessive force and unlawful arrest under the Fourth Amendment, as well as constitutional and state law claims of malicious prosecution.

Individual government officials are immune from civil liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); **see also Herring v. Keenan**, 218 F.3d 1171, 1175 (10th Cir. 2000), **cert. denied**, 122 S.Ct. 96 (2001). To overcome this immunity, plaintiff must establish both that the individual defendants violated his rights under federal law and that such rights were clearly established at the time of the violation. **Greene v. Barrett**,

3

174 F.3d 1136, 1142 (10th Cir. 1999).

"Excessive force claims are evaluated under the Fourth Amendment standard of objective reasonableness." ***Jiron v. City of Lakewood***, 392 F.3d 410, 414 (10th Cir. 2004) (citing ***Graham v. Connor***, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989)). This standard requires a highly fact-specific examination of the totality of the circumstances confronting the officers at the time of the events in question. ***See Ohio v. Robinette***, 519 U.S. 33, 39, 117 S.Ct. 417, 421, 136 L.Ed.2d 347 (1996); ***Jiron***, 392 F.3d at 414. Among the relevant factors that may be considered in this analysis are the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. ***Jiron***, 392 F.3d at 414-15.

Taking the facts alleged in the First Amended Complaint as true,[2] which I must for purposes of this motion, I cannot say that plaintiff can prove no set of facts under which he might not recover on his claim of excessive force against Pope, Betts, Jordan, and Farrington. Defendants appear to believe that the mere fact that plaintiff struck Farrington gave them leave to apply whatever force was necessary to subdue him. They are wrong. The force applied must be commensurate with the threat facing the officers. As described in the First Amended Complaint, although the situation was highly charged, plaintiff himself posed no apparent threat to the officers. He had been

---

[2] Plaintiff interjects a host of new and more detailed facts not contained in the First Amended Complaint into his responses to the motions. These are not properly considered in the context of a motion to dismiss under Rule 12(b)(6). ***See County of Santa Fe, N.M. v. Public Service Co. of New Mexico***, 311 F.3d 1031, 1035 (10th Cir. 2002).

knocked to the ground by Pope, who did not identify himself as a law enforcement officer. *See Newell v. City of Salina*, 276 F.Supp.2d 1148, 1153-54 (D. Kan. 2003). His vision was obscured by his shirt, which was pulled over his head. He did not deliberately attack Farrington, but instead inadvertently struck the officer while he struggled to free himself from Pope. Given such unintentional contact, it may well have been excessive for one officer to jump on plaintiff's back while another beat him with a flashlight. Moreover, the First Amended Complaint avers simply that Farrington pepper sprayed plaintiff while he was "restrained" by the three officers, and gives no indication that plaintiff was still resisting attempts to subdue him. Take as true, those facts clearly are sufficient to show that the force applied was excessive.

For similar reasons, the First Amended Complaint alleges facts sufficient to assert a claim of wrongful arrest. An officer may arrest an individual without a warrant if he has probable cause to believe that the individual has committed a crime. *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). Probable cause exists "where facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that an offense has been or is being committed." *Marshall v. Columbia Lea Regional Hospital*, 345 F.3d 1157, 1166 (10th Cir. 2003). *See also United States v. Morris*, 247 F.3d 1080, 1088 (10th Cir. 2001) ("Probable cause does not require facts sufficient for a finding of guilt; however, it does require more than mere suspicion.") (citation and internal quotation marks omitted).

Defendants claim that they had probable cause to believe that plaintiff had committed the offenses of second or third degree assault or disorderly conduct. Under Colorado law, a person commits the offense of second degree assault when, "[w]ith intent to prevent one whom he or she knows, or should know, to be a peace officer or firefighter from performing a lawful duty, he or she intentionally causes bodily injury to any person." §18-3-203(1)(c), C.R.S. The First Amended Complaint, which claims that plaintiff inadvertently struck Farrington, does not describe conduct evincing the specific intent required to commit this offense. Similarly, as to the crime of third degree assault, which requires proof that plaintiff "knowingly or recklessly cause[d] bodily injury to another person " § 18-3-204, C.R.S., the facts set forth in the First Amended Complaint do not support a reasonable inference that this level of intent was manifest from the circumstances allegedly known to the officers. *See* § 18-1-501(6), C.R.S. ("A person acts "knowingly" . . . with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result."); §18-1-501(8), C.R.S. ("A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists."). Nor "[a] person commits disorderly conduct if he or she intentionally, knowingly, or recklessly: . . . (d) Fights with another in a public place except in an amateur or professional contest of athletic skill[.]") *See* §18-9-106(1)(d), C.R.S. As described by the First Amended Complaint, plaintiff was not in fact fighting with anyone, but was simply attempting to get away from an unprovoked attack by Baker.

Moreover, these rights were sufficiently established at the time of the events underlying the First Amended Complaint. A right is clearly established if the unlawfulness of the officials' conduct is apparent in light of the preexisting law. ***Anderson v. Creighton***, 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); ***Eastwood v. Department of Corrections of State of Oklahoma***, 846 F.2d 627, 630 (10th Cir. 1988). It is not necessary that the precise action involved in the present case have previously been held unlawful, ***Anderson v. Creighton***, 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987), or that there be a strict correspondence between the facts of the cases establishing the law and the facts of the present case, ***Eastwood v. Department of Corrections of State of Oklahoma***, 846 F.2d 627, 630 (10th Cir. 1988), cert. dismissed, 123 S.Ct. 1015 (2003). Government officials are expected "to relate established law to analogous factual settings." ***Eastwood***, 846 F.2d at 630. Thus, the mere fact that defendants can find no case that exactly replicates the facts of this one is neither dispositive nor particularly compelling.

Indeed, this case appears to present the circumstance in which "the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." ***Martinez v. New Mexico Dept. of Public Safety***, 2002 WL 1753176 at *4 (10th Cir. July 29, 2002) (citation and internal quotation marks omitted), ***cert. dismissed***, 123 S.Ct. 1015 (2003). Assuming the truth of the facts alleged in the First Amended Complaint, a reasonable officer should have known that pinning down and beating an unarmed person who had done no more than inadvertently hit a fellow

officer whom he could not even see while trying to fend off an attack from a third party might constitute excessive force. **See id**. Similarly, it would have been pellucid to a reasonable officer that pepper spraying a restrained suspect was excessive. **See id.**

Plaintiff's constitutional malicious prosecution claim, however, fails to state a viable claim for relief. This claim is premised on the allegation that the individual officers "deliberately gave false testimony, created distorted reports and failed to make full and fair disclosure of the facts" surrounding the incident. Although the First Amended Complaint appears sufficient to state a Colorado state law cause of action for malicious prosecution,[3] more is required to make out a constitutional malicious prosecution claim actionable under section 1983. To sustain this type of malicious prosecution claim, plaintiff also must establish that defendants' actions or omissions were material to the finding of probable cause. In other words, "[i]f hypothetically correcting the misrepresentation or omission would not alter the determination of probable cause, the misconduct was not of constitutional significance and is not actionable under § 1983." **Grubbs v. Bailes**, 2006 WL 1086440 at * 2 (10th Cir. Apr. 26, 2006), **cert. denied**, 127 S.Ct. 384 (2006); **see also Pierce v. Gilchrist**, 359 F.3d 1279, 1293 (10th Cir. 2004) ("In the case of a Fourth Amendment claim of falsified evidence, the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit. In a case involving the withholding of exculpatory evidence, the existence of probable cause is determined by examining the evidence as if the omitted information had been included" and

---

[3] Plaintiff's state law malicious prosecution claim implicates only Pope. Pope has not moved for summary judgment as to this claim.

inquiring whether probable cause existed in light of all the evidence, including the omitted information.") (citations and internal quotation marks omitted).  The First Amended Complaint fails to make any allegation sufficient to satisfy this requirement, or otherwise to set forth facts from which it might reasonably be inferred that defendants' alleged actions were material to plaintiff's arrest and prosecution.  This claim therefore should be dismissed.

Likewise, the First Amended Complaint fails to allege facts sufficient to establish liability on the part of the City of Cortez.  The only allegations that implicate the City are those related to plaintiff's inadequately plead malicious prosecution claim.  Because claims of municipal liability under section 1983 presuppose the existence of a constitutional violation, *see Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988), plaintiff's claims against the City must be dismissed as well.

     **THEREFORE, IT IS ORDERED** as follows:

     1.  That **Defendants Sue Ellen Betts, Kenneth Farrington and Kevin Jordan's Motion to Dismiss Based Upon Rule 12(b)(6) or Qualified Immunity and Supporting Brief** [#44], filed May 24, 2006, is **GRANTED IN PART** and **DENIED IN PART**;

     2.  That the motion is **GRANTED** with respect to plaintiff's Second Claim for Relief alleging the constitutional tort of malicious prosecution as against the individual defendants, and that claim is **DISMISSED WITH PREJUDICE**;

     3.  That the motion is in all other respects **DENIED**;

4. That **Defendant City of Cortez' [sic] Motion to Dismiss Based Upon Rule 12(b)(6)** [#45], filed May 24, 2006, is **GRANTED**, and plaintiff's Second Claim for relief alleging the constitutional tort of malicious prosecution as against the City of Cortez is **DISMISSED WITH PREJUDICE**; and

5. That the City of Cortez is **DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly.

Dated January 11, 2007, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**