**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00023-REB-CBS

MICHAEL WARREN,

    Plaintiff,

v.

MONTEZUMA COUNTY SHERIFF,
GERALD WALLACE,
CARY BRUCE POPE,
SUE ELLEN BETTS,
KENNETH FARRINGTON, and
KEVIN JORDAN,

    Defendants.

## ORDER RE: COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is the **County Defendants' Motion For Summary Judgment** [#106], filed February 8, 2007. I grant the motion in part and deny it in part.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party.

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  ANALYSIS

The facts of this case have been set forth at length in my previous **Order Re: Motions To Dismiss** [#101], filed January 12, 2007, and need not be repeated here. Plaintiff admits that defendant Pope, who was not on duty or in uniform at the time of

the incident underlying this lawsuit, was not acting under color of law when he attempted to restrain plaintiff, and, thus, cannot be held liable for any alleged excessive use of force or unlawful arrest pursuant to 42 U.S.C. § 1983.  Plaintiff concedes further that he has no evidence to suggest that Pope's employer, Montezuma County Sheriff Gerald Wallace, knew of Pope's actions in allegedly giving false testimony in support of the criminal charges filed against plaintiff.  Therefore, plaintiff's First Claim For Relief against defendant Pope and his Second Claim For Relief against defendant Sheriff Wallace should be dismissed.

However, plaintiff continues to insist that defendant Pope is liable for malicious prosecution, both under section 1983 and state tort law.  However, to make out a claim under section 1983, plaintiff must establish, *inter alia*, that Pope acted under color of state law.  See **Briscoe v. LaHue**, 460 U.S. 325, 329-30, 103 S.Ct. 1108, 1112-13, 75 L.Ed.2d 96 (1983).  Plaintiff contends that this element of his constitutional malicious prosecution claim is satisfied because Pope acted jointly with law enforcement officers to ensure that charges were filed.  Although section 1983 generally does not reach actions of private individuals, a private actor may be held liable thereunder if he "was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State."  **Lee v. Town of Estes Park, Colorado**, 820 F.2d 1112, 1114 (10th Cir. 1987).

However, plaintiff has failed to present any evidence to support this theory of liability for malicious prosecution under section 1983.  To sustain his claim plaintiff must

show an agreement or concerted action between the private individual and state actors to bring about the charges. *See* **Anaya v, Crossroads Managed Care Systems, Inc.**, 195 F.3d 584, 596 (10th Cir. 1999) (to establish liability under joint action theory, evidence must show that private party and state officials "share a common, unconstitutional goal") (citations and internal quotation marks omitted); *see also* **Lee**, 820 F.2d at 1115. Nothing in the record supports any reasonable inference other than that defendant Pope acted as a civilian witness reporting what he allegedly saw in the bar that night. Merely reporting suspected criminal activity is not sufficient *per se* to give rise to liability under a joint action theory. **Lee**, 820 F.2d. at 1115; *see also* **Benavidez v. Gunnell**, 722 F.2d 615, 618 (10th Cir. 1983). Nor does the fact that the officers relied on defendant Pope's statement render him liable under section 1983 as a joint actor. *See* **Gallagher v. Neil Young Freedom Concert**, 49 F.3d 1442, 1453 (10th Cir. 1995) (noting that "mere acquiescence of a state official in the actions of a private party is not sufficient" to establish liability under joint action test). Summary judgment, therefore, is appropriate as to this claim.[1]

This leaves only plaintiff's state law tort claim of malicious prosecution against defendant Pope. This claim is based on plaintiff's contention that Pope reported falsely that plaintiff was about to strike one of the officers on the back of the head with a beer bottle. Plaintiff claims that this allegation led to the addition of a count of criminal

---

[1] Even if plaintiff had not conceded his inability to otherwise establish a constitutional malicious prosecution claim against Montezuma County Sheriff Gerald Wallace, this determination would be fatal to his claims against the Sheriff, who appears to have been sued in his official capacity. *See* **Hinton v. City of Elwood, Kansas**, 997 F.2d 774, 782 (10th Cir. 1993) (employer cannot be held liable where no underlying constitutional violation shown).

attempt to commit assault in the second degree. That charge was dismissed prior to trial for lack of probable cause.

To make out a viable claim for malicious prosecution under Colorado state law, plaintiff must prove that "(1) the defendant contributed to bringing a prior action against the plaintiff; (2) the prior action ended in favor of the plaintiff; (3) no probable cause; (4) malice; and (5) damages." **Hewitt v. Rice**, – P.3d –, 2007 WL 801988 at *3 (Colo. March 19, 2007) (slip op.). Pope contends that plaintiff cannot prove the first of these elements because it was ultimately the prosecuting attorney who determined to pursue charges against plaintiff.[2] This is not the law. Rather, a complaining witness may be liable for malicious prosecution for giving false testimony which leads ultimately to the filing of charges. See **Anthony v. Baker**, 955 F.2d 1395, 1399 (10th Cir. 1992). Moreover, I find that there are genuine issues of material fact regarding whether defendant Pope was a complaining witness in this case and whether his testimony led to the filing of the attempted assault charge against plaintiff. See *id*. at 1399-1400 & n.2 (defining "complaining witness" as "the person (or persons) who actively instigated or encouraged the prosecution of the plaintiff" and noting that determination whether defendant is a complaining witness is one of fact). Summary judgment as to this state law claim, therefore, is inappropriate.

## IV. CONCLUSION

---

[2] Pope argues also that he is entitled to absolute immunity with respect to his testimony as a witness in the criminal trial. See **Briscoe**, 103 S.Ct. at 1112-13. This argument misses the mark, since with respect to a malicious prosecution claim, it is the defendant's acts in initiating an allegedly baseless prosecution that are in issue, not his trial testimony. See **Anthony v. Baker**, 955 F.2d 1395, 1398-99(10th Cir. 1992). A complaining witness is not entitled to absolute immunity. *Id*.

Defendants' motion for summary judgment should be granted with respect to plaintiff's First and Second Claims for Relief as to defendants Pope and Sheriff Wallace. However, genuine issues of material fact remain for resolution with respect to plaintiff's Third Claim of Relief. Accordingly, the motion should be denied as to that claim .

**THEREFORE, IT IS ORDERED** as follows:

1. That the **County Defendants' Motion For Summary Judgment** [#106], filed February 8, 2007, is **GRANTED IN PART** and **DENIED IN PART**;

    a. That the motion is **GRANTED** with respect to plaintiff's First and Second Claims For Relief, alleging claims for excessive force/unlawful arrest and malicious prosecution under section 1983, respectively, as against defendants Cary Bruce Pope and Montezuma County Sheriff, Gerald Wallace;

    b. That plaintiff's First and Second Claims For Relief are **DISMISSED WITH PREJUDICE** as against defendants Cary Bruce Pope and Montezuma County Sheriff, Gerald Wallace;

    c. That defendant, Montezuma County Sheriff, Gerald Wallace, is **DROPPED** as a named party to this action, and the case caption is **AMENDED** accordingly; and

    d. That the motion is **DENIED** otherwise.

Dated April 11, 2007, at Denver, Colorado.

                                            **BY THE COURT:**

                                            **s/ Robert E. Blackburn**
                                            **Robert E. Blackburn**

**United States District Judge**