**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00023-REB-CBS

MICHAEL WARREN,

    Plaintiff,

v.

SUE ELLEN BETTS,
KENNETH FARRINGTON, and
KEVIN JORDAN,

    Defendants.

**MINUTE ORDER**[1]

    The matter comes before the court on the following motions: 1) **Joint Motion To Vacate and Reset Trial Date** [#105], filed January 26, 2007; 2) **Unopposed Motion of Defendants Betts, Farrington, and Jordan for Trial To Be Held in Durango, Colorado** [#117] filed April 5, 2007; and 3) **Amended Motion of Defendants Betts, Farrington, and Jordan for Trial To Be Held in Durango, Colorado** [#118] filed April 5, 2007.

    **THEREFORE, IT IS ORDERED** as follows:

    1. That the **Joint Motion To Vacate and Reset Trial Date** [#105], filed January 26, 2007, **IS DENIED**;[2]

---

[1] This minute order is issued pursuant to the express authority of the Honorable Robert E. Blackburn, United States District Judge for the District of Colorado.

[2] The United States Court of Appeals for the Tenth Circuit has enunciated four primary factors that should be considered to determine if a continuance is necessary. *See, e.g.,* ***Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are
> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the

      2. That the **Unopposed Motion of Defendants Betts, Farrington, and Jordan for Trial To Be Held in Durango, Colorado** [#117] filed April 5, 2007, **IS DENIED AS MOOT**;

      3. That the **Amended Motion of Defendants Betts, Farrington, and Jordan for Trial To Be Held in Durango, Colorado** [#118] filed April 5, 2007, **IS GRANTED**;

      4. That trial by jury **SHALL BE HELD** in the court facility for the United States District Court for the District of Colorado at 103 Sheppard Drive, Room 235, in Durango, Colorado, commencing July 23, 2007, at 8:30 a.m., at which place and time all parties and their counsel **SHALL APPEAR** for all purposes without further notice, order, or subpoena;

      5. That at the Trial Preparation Conference to be held on July 6, 2007, at 9:00 a.m., counsel may appear in person or by telephone or videoconferencing; provided, furthermore, any counsel appearing by telephone of videoconferencing shall arrange, schedule, coordinate, and finance any such appearance; and

      6. That the **Trial Preparation Conference Order** [#25] entered April 13, 2006, **IS AMENDED** to the extent necessary to facilitate and implement these orders, but is otherwise continued in full force and effect.

      Dated:  May 23, 2007

---

      continuance. (Continued below)

(Continued from above) ***United States v. Rivera***, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting ***United States v. West***, 828 F.2d 1468, 1470 (10th Cir. 1987)).  "By far the most important factor . . . is the [movant's] need for a continuance and the prejudice resulting from its denial."  ***West***, 828 F.2d at 1471.  I have carefully considered each of these factors. On balance these factors weigh against a continuance of the trial.